IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21-52-GF-BMM-JTJ |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| LILLIAN MARIE LAPIER, | |
| Defendant. | |

## I.    Synopsis

Defendant Lillian Marie Lapier (Lapier) has been accused of violating the conditions of her supervised release. (Docs. 159 and 162). Lapier admitted the violations. Lapier's supervised release should be revoked. Lapier should be sentenced to custody for 6 months, with no term of supervised release to follow. This sentence shall run consecutive to the sentence imposed by the Montana Eighth Judicial District Court in Cause No. BDC-25-248.

## II.    Status

Lapier plead guilty on February 23, 2022, to the offense of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1) and (a)(1)(B), as charged in Count 1 of the Superseding Information. (Doc. 98). Lapier was sentenced to 68 months of custody, with 4 years of supervised release to follow. (Doc. 130). Lapier's current term of supervised release began on July 3, 2024.

### Petition

On January 14, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Lapier's supervised release. (Doc.159). The Petition alleged Lapier violated conditions of her supervised release by: (1) admitting to using methamphetamine on January 12, 2025 and daily before then for a period of time; (2) admitting to consuming alcohol on January 13, 2025 and daily before then for a period of time; (3) consuming alcohol on December 8, 2024; (4) failing to comply with substance abuse testing requirements on January 9, 2025; and (5) failing to comply with substance abuse treatment requirements on December 26, 2024 and January 9, 2025.

### Amended Petition

On July 7, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Lapier's supervised release. (Doc. 162). The Amended Petition noted that Lapier had absconded from supervision on or about

January 14, 2025, and further alleged Lapier violated conditions of her supervised release by the added violations of: (6) admitting on May 12, 2025, that she had been using alcohol daily since absconding from supervision in January of 2025; (7) admitting on May 12, 2025, that she had been using methamphetamine daily since absconding from supervision in January of 2025; and (8) committing another federal, state or local crime by pleading guilty before the Montana Eighth Judicial District Court on June 30, 2025, to the felony offense of Criminal Possession of Dangerous Drugs, in violation of Mont Code Ann.§ 45-9-102.

### Initial Appearance

Lapier appeared before the Court on July 8, 2025. Lapier was represented by counsel. Lapier stated that she had read the Amended Petition and that she understood the allegations against her.  Lapier waived her right to a preliminary hearing.

### Revocation hearing

Lapier appeared before the Court on July 8, 2025.  The parties consented to proceed with the revocation hearing before the undersigned. Lapier admitted that she had violated the conditions of supervised release as set forth in the Amended Petition Lapier's admitted violations, 1-8, are serious and warrant revocation of her supervised release.

### Sentencing hearing

Lapier appeared before the Court on July 8, 2025. Lapier's violations are a Grade B. Her criminal history category is III. Lapier's underlying offense is a Class B felony. Lapier could be incarcerated for up to 36 months. Lapier could be ordered to remain on supervised release for 60 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 8 to 14 months.

### III.   Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Lapier's supervised release should be revoked. Lapier should be sentenced to custody for 6 months, with no term of supervised release to follow. This sentence shall run consecutive to the sentence imposed by the Montana Eighth Judicial District Court in Cause No. BDC-25-248. This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Lapier that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Lapier of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Lapier that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That LILLIAN MARIE LAPIER has violated the conditions of her
> supervised release by: : (1) admitting to using methamphetamine on

January 12, 2025, and daily before then for a period of time; (2) admitting to consuming alcohol on January 13, 2025, and daily before then for a period of time; (3) consuming alcohol on December 8, 2024; (4) failing to comply with substance abuse testing requirements on January 9, 2025; and (5) failing to comply with substance abuse treatment requirements on December 26, 2025 and January 9, 2025; (6) admitting on May 12, 2025, that she had been using alcohol daily since absconding from jurisdiction in January of 2025; (7) ) admitting on May 12, 2025, that she had been using methamphetamine daily since absconding from jurisdiction in January of 2025; and (8) committing another federal, state or local crime by pleading guilty before the Montana Eighth Judicial District Court on June 30, 2025, to the felony offense of Criminal Possession of Dangerous Drugs, in violation of Mont Code Ann.§ 45-9-102.

The Court **RECOMMENDS:**

That the District Court revoke Lapier's supervised release and sentence Lapier to custody for 6 months with no term of supervised release to follow. This sentence shall run consecutive to the sentence imposed by the Montana Eighth Judicial District Court in Cause No. BDC-25-248.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the

district court judge and may waive the right to appear and allocute before a district

court judge.

DATED this 9th day of July 2025.


John Johnston
United States Magistrate Judge